*FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------------X

In re Daniel and Challen Armstrong,                    Case No. 05-35904
                                                       Chapter 13
        Debtors.


------------------------------------------------------------X

Daniel and Challen Armstrong,                          Adv. P. No. 09-09088

        Plaintiffs,

            -against-

Trustco Bank, Historic Pastures Homeowners Ass'n,
City of Albany Dep't of Fire Emergency & Building
Serv.,
and Tax Receiver City of Albany,

        Defendants.

------------------------------------------------------------X

## OPINION GRANTING TRUSTCO'S MOTION
## FOR SUMMARY JUDGMENT
## AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

APPEARANCES:

Nathan Horowitz                        Lori J. Gilmore-Morris
1 Water Street, Suite 425              6 Daisy Lane
White Plains, NY 10601                 Wappinger Falls, NY 12590
*Attorney for Plaintiffs*              *Attorney for Defendant Trustco Bank*


CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE, S.D.N.Y.:

The Court considers whether, after confirmation of a chapter 13 plan, full performance of the plan, and entry of the discharge, the Debtors may take steps necessary to effectuate the "surrender" of an apartment that was not their primary residence.  Trustco Bank ("Defendant" or "Trustco") commenced a foreclosure proceeding with respect to the apartment before the Debtors filed their petition for chapter 13 relief.  Trustco was awarded a judgment of foreclosure, a referee was appointed, a sale was held, and no one bid at the sale.  A referee's deed was never entered.  Subsequently, Debtors filed for bankruptcy. In their plan they expressed an intent to surrender the apartment to Trustco, and never followed up with any legal action to complete the surrender.  As a result, Debtors remain the owners of record.  Meanwhile, Trustco filed a proof of claim for an unsecured debt representing the full amount owed plus the foreclosure costs, and received a 100 percent distribution in the chapter 13.

The Court denies Plaintiffs' motion for summary judgment, and grants Trustco's motion for summary judgment.  The Court finds that the time for Plaintiffs to object to Trustco's proof of claim has passed, that the plan is res judicata and binds the Debtors and Trustco, and that Plaintiffs' statement in the plan that the apartment "will be surrendered" is insufficient to cause the apartment to have been surrendered in fact and law to Trustco.

**Statement of jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a),

28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief

Judge Robert J. Ward dated July 10, 1984.  This matter is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance of claims against the estate)

**Relevant facts**

The parties agree to the following sequence of events and relevant facts:

1. Debtors bought the apartment located at 51 Westerlo Street,  Albany,

   New York (the "Property") in December 1984, and executed a

   purchase money mortgage in the amount of $44,100.  They defaulted

   in October 2002.

2. Trustco, as assignee of the mortgage, commenced a foreclosure action

   on December 9, 2002.  Debtors answered the complaint, and defaulted

   later on Trustco's motion for summary judgment.  The motion was

   granted and Douglas Kemp was appointed as referee.

3. A judgment of foreclosure and sale was entered in June 2004.

4. The foreclosure sale took place on September 1, 2004.

5. The referee's report was signed and filed in September 2004.

6. The referee's report contained the following language: "I attended in

   person at the time and place of sale, publicized the terms of sale,

offered the mortgaged premises for sale to the highest bidder and no

one bid at the sale."

7. Trustco moved for a deficiency judgment by motion dated October 7,

2004. The Debtors were served with the motion on December 4,

2004.

8. A referee's deed was never recorded.

9. Debtors filed their first chapter 13 bankruptcy case on December 13,

2004, which was dismissed on February 24, 2005.

10. During the first bankruptcy case, Trustco withdrew the state-court

motion for a deficiency judgment, and filed a proof of claim for an

unsecured debt representing the full balance due including foreclosure

costs. The motion for a deficiency judgment was not renewed.

11. Debtors filed their second bankruptcy case on April 14, 2005.

Trustco was listed on the petition as a secured creditor. Trustco filed

an identical proof of claim, for an unsecured debt. Debtors did not

object to Trustco's claim.

12. Debtors' plan was confirmed on January 12, 2006. Trustco did not

object to the plan. The Court notes the following plan provisions:

   A. Trusco Bank: Pursuant to 11 U.S.C. § 1325(a)(5)(C), the
      Condominium located 51 Westerlo Street, Albany, New
      York will be surrendered to the creditor ….

B. …. Dividends to unsecured creditors whose claims are duly allowed as follows: Pro rata to all allowed claims.

13. Trustco was paid in full on its unsecured claim by check from the chapter 13 trustee dated January 8, 2008, in the amount of $29,791.95.

14. On May 4, 2009, Debtors filed a letter requesting that they be heard.

15. The case was reopened by court order on September 21, 2009.

## Legal issue presented

The Court considers whether, after confirmation of a chapter 13 plan, full performance of the plan, and entry of the discharge, the Debtors may take steps necessary to effectuate the "surrender" of an apartment that was not their primary residence.  The Court is faced with the novel question of how to treat the claim of a creditor that proceeded with foreclosure activities pre-petition, which included a pre-petition auction at which no one bid.  In the present motions, the parties dispute the amount of the claim and its character as secured or unsecured.  The issue is how to treat a claim, where a foreclosure sale is held and no one bids, and the creditor files a proof of claim for an unsecured debt, and the Debtors do not object to the proof of claim, and the plan provides for surrender of the collateral as well as payment of allowed unsecured claims, and the Debtors receive a discharge pursuant to Bankruptcy Code § 1328(a).

## Rules and Legal Standards

Pursuant to Fed. R. Civ. P. 56(c) (applicable to this adversary proceeding by

Fed. R. Bankr. P. 7056), summary judgment should be granted to the moving party

if the Court determines that "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

(quoting Fed. R. Civ. P. 56(c)). A movant has the initial burden of establishing the

absence of any genuine issue of material fact. *Id*. at 322-23. "A fact is material

only if it affects the result of the proceeding and a fact is in dispute only when the

opposing party submits evidence such that a trial would be required to resolve the

differences." *In re CIS Corp.*, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997).

The Court determines that there are no genuine issues as to any material

facts.  The parties stipulated to a timeline of events and a sequence of facts.  This

matter is ripe for summary judgment and can be resolved upon application of the

law to the facts.

In the Complaint, Plaintiffs list the following causes of action: entry of an

amended order confirming the plan, *nunc pro tunc* to January 12, 2006; declaratory

judgment that the property never was, and is not, property of the estate; barring and

enjoining the City of Albany and Historic Pastures Condominium from demanding

payment from the Debtors; and refund and fees from Trustco. *See Complaint*

*against Trustco Bank, Historic Pastures Homeowners Association, City of Albany*

*Department of Fire Emergency & Building Services, Tax Receiver City of Albany*,

Adv. P. No. 09-09088, Docket No. 1.  In answer, Trustco plead the affirmative

defense of laches, among other things: "Had the debtors felt the claim was

erroneously high, they had more than ample time to object to same during the

bankruptcy.  Instead, they waited until the claim was paid and the bankruptcy case

closed (more than five years) to take any action." *Answer to Complaint*, Adv. P.

No. 09-09088, Docket No. 5.

> Plaintiffs move for summary judgment on the following questions:

> (i)    that a sale was held on September 1, 2004, cutting off all
>        debtors rights, title and interest to the Property, leaving Trustco
>        with an unsecured deficiency claim; or

> (ii)   that their claim was secured, and satisfied by the surrender of
>        the Property pursuant to the Plan, leaving a potential unsecured
>        deficiency claim;

> (iii)  determining such deficiency claim and directing a refund to
>        Debtors of amounts improperly paid to Trustco

> (iv)   determining damages against Trustco for out of pocket losses
>        by the Debtors; and such other damages as may be appropriate,
>        including the legal fees for this proceeding;

> (v)    and for such other and further relief as to the Court is just and
>        proper.

*Motion for Summary Judgment by Plaintiffs*, Adv. P. No. 09-09088, Docket

No. 22.

Defendants move for summary judgment on the following questions:

(i)     Title does not pass automatically as a result of a foreclosure
        sale when there are no bidders and no successful purchasers at
        the sale;

(ii)    Trustco was justified to pursue the Plaintiffs for a deficiency
        balance under New York State RPAPL § 1371 as they received
        no monetary benefit from the foreclosure sale; and

(iii)   No party of interest timely objected to Trustco's proof of claim
        filed within Plaintiff's bankruptcy, and therefore, the
        presumption is that the claim is valid.

*Motion for Summary Judgment*, Adv. P. No. 09-09088, Docket No. 21.

Plaintiffs direct the Court to *Sanders v. Palmer*, 499 N.E.2d 1242, 68

N.Y.2d 180 (N.Y. 1986), which stands for the black letter law that, where a

creditor fails to obtain a deficiency judgment, the sale of a foreclosed property

shall be deemed full satisfaction of the debt.  In *Sanders*, as security for a loan, the

creditors obtained a mortgage against property of the corporation, personal

guarantees by the corporation's principals, and a guarantee by Palmer that was

secured by her real property.  Upon the corporation's default, the creditors

commenced a foreclosure proceeding against the corporation's property, naming

Palmer as a defendant.  Subsequently, the creditors commenced a second

foreclosure proceeding against Palmer's property.

The New York Court of Appeals affirmed the lower courts' holdings that the

creditors' failure to obtain a deficiency judgment after foreclosing on the corporate

security barred the creditors from collecting the balance from Palmer.  The court

Page 8 of 22

examined the legislative history of N.Y. Real Prop. Acts. 1371, and determined

that where a creditor fails to obtain a deficiency judgment, "the proceeds of the

sale regardless of amount shall be deemed to be in full satisfaction of the mortgage

debt and no right to recover any deficiency in any action or proceeding shall exist."

*Sanders*, 499 N.E. at 1245.  The court described the following procedure for the

fullest recovery, where several mortgages have been given to secure a single debt,

and the properties involved are all subject to the jurisdiction of one court: The

creditor holds separate sales, applying after each sale and before the next is held

for a deficiency judgment.  *Id.*  When the deficiency application is not made after

each sale, the guarantor may take the protection of N.Y. Real Prop. Acts. 1371,

with the sale being deemed full satisfaction of the debt.  *See id.* at 1245-1246.

The Court is persuaded by *In re Sneijder*, 407 B.R. 46 (Bankr. S.D.N.Y.

2009) (Glenn, Bankr. J.), in which the bankruptcy court considered whether a

secured creditor could file a proof of claim for a deficiency judgment.  At the

outset, the bankruptcy court firmly stated that a secured creditor is entitled to a

deficiency claim when property is surrendered pursuant to 11 U.S.C. §

1325(a)(5)(C): Noting that the legal issue was whether § 1325(a)(5)(C) permits

surrender in full satisfaction of the loan, "[t]he answer, pursuant to Bankruptcy

Code § 506(a) and the prevailing case law, is undoubtedly no."  *In re Sneijder*, 407

B.R. at 48. The bankruptcy court held that it could set a value for the collateral and

determine the amount of a deficiency judgment pursuant to bankruptcy law,

specifically 11 U.S.C. § 502(c)(1) and 506(a), and Fed. R. Bankr. P. 3012.[1]  *See In*

*re Sneijder*, 407 B.R. at 48-49.

Section 506(a), in plain language, states that a creditor's claim is secured to

the value of the collateral and is unsecured for the balance.  *See id.* at 51.  The

bankruptcy court held, "Where the chapter 13 plan calls for surrender under §

1325(a)(5)(C), the debtor must obtain the consent of the secured creditors for

surrender in full satisfaction or provide for any deficiency in the plan."  *Id.* at 53.

In the matter at bar, the foreclosure sale was held before the Debtors

commenced their bankruptcy case, and no one submitted a bid.  Debtors

characterized Trustco's claim as secured in the schedules, and they expressed an

interest in surrendering the apartment pursuant to § 1325(a)(5)(C), which by its

terms applies only to secured claims.  Debtors did not object to Trustco's proof of

clsim for an unsecured debt.  Trustco, on actual notice of the bankruptcy case,

---

[1] Bankruptcy Code § 502(c)(1) provides, "There shall be estimated for purpose of allowance under this section [Allowance of claims or interests] any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case."

Bankruptcy Code § 506(a)(1) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of the creditors interest in the estate's interest in the property, and is an unsecured claim to the extent that the value of the creditors interest is less than the amount of the allowed claim.

Fed. R. Bankr. P. 3012 provides, "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder o the secured claim and any other entity as the court may direct."

09-09088-cgm    Doc 33    Filed 08/04/10    Entered 08/04/10 11:50:07    Main Document
Pg 11 of 22

failed to object to the surrender provision, and accepted the money paid by the

chapter 13 trustee according to the proof of claim for an unsecured debt.

It is well settled that a confirmed plan binds the parties. In *United Student*

*Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010), Debtor proposed a plan that

would discharge student loan interest, without the bankruptcy court's making the

requisite finding of undue hardship. The creditor filed a proof of claim for both

interest and principal, and did not object to the plan. The Court does not indicate

whether debtor objected to the proof of claim; it appears that he did not object.

The plan was confirmed. The Court affirmed the appellate court's holding that the

confirmation order was not void, and declined to disturb the confirmation order

pursuant to Fed. R. Civ. P. 60(b).

In *In re Gray,* Case No. 93-60092, 1994 Bankr. LEXIS 664 (Bankr.

N.D.N.Y. April 22, 1994) (Gerling, Bankr. J.), the debtor filed a plan that provided

for the discharge of the priority claim of the IRS. The plan made no specific

provision for general unsecured claims other than that they would be paid more

than if in chapter 7, and the plan mentioned just one secured creditor, a bank,

which would be paid outside the plan.

In *Gray*, the IRS appears to have received notice of the bankruptcy case and

the plan, and filed a proof of claim for secured, priority, and unsecured debts. The

descriptions of the debts in the proof of claim were different than in the petition,

Page 11 of 22

which characterized the tax claim as priority unsecured, and "disputed." The plan

was confirmed. Debtor did not object to the proof of claim before confirmation,

and the IRS did not object to the plan.

"Section 502(a) of the Code creates a presumption that a claim is valid as

filed and deemed allowed unless a party in interest objects."[2] *In re Gray*, 1994

Bankr. LEXIS at *9. "Fed. R. Bankr. P. 3007 requires that objections to proofs of

claim be in writing and filed." *Id.* at *11. "A plan should be unambiguous and

specific in its treatment of the various claims." *Id.* at *12. The Court held, "where

[§ 1327(a) and § 502(a) clash, Code § 1327(a) should take precedence over Code §

502(a) ***as long as a creditor is provided with adequate notice of the operative***

***terms of the plan which dealt with its claim***." *Id.* at 13-14 (emphasis added). The

court held that the plan was binding with respect to the priority claim, and not the

secured or general unsecured claims, which were deemed allowed. *Id.* at *15-*16.

*Accord, In re Friedman*, 184 B.R. 883 (Bankr. N.D.N.Y. 1994) (Gerling, Bankr. J.)

("A plan which addresses matters concerning claim allowance and/or lien

disposition must provide notice sufficient to inform the secured creditor of an

intent to reclassify its claim").

In *Ruhl v. HSBC Mortgage Services, Inc. (In re Ruhl)*, 399 B.R. 49 (E.D.

Wisc. 2008) the debtor confirmed a chapter 13 plan in which she would pay 9.5

---

[2] Bankruptcy Code § 502(a) provides, "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects."

percent interest on the secured claim; the secured creditor filed a proof of claim

that provided for just 6.25 percent interest.  Three years later, the debtor

commenced an adversary proceeding, alleging that she was not required to pay

interest on the secured claim pursuant to the loan agreement and Bankruptcy Code

§ 1322(e), and seeking disgorgement of the interest paid.  The court noted that

debtor's counsel could have read § 1322(e) before filing the plan and determined

that interest was not required.  Significantly, the court stated:

> When HSBC filed its proof of claim, it attached the underlying loan
> documents, and this when Ruhl's counsel received the proof of claim,
> he had everything he needed to determine whether to object to the
> claim pursuant to § 1322(e).  Yet Ruhl did not object within the
> twenty-five days and, for some reason, waited a few more years
> before deciding to object.

*Id.* at 53.  The court noted that the provisions of a confirmed plan bind the debtor

and the creditor pursuant to § 1327(a): "The provisions of a confirmed plan bind

the debtor and each creditor, whether or not the claim of such creditor is provided

for by the plan, and whether or not such creditor has objected to, has accepted, or

has rejected the plan."  The court expanded on the Code provision: "Once a plan is

confirmed and a party in interest has had a reasonable opportunity to raise

objections, a strong presumption of finality attaches to the order confirming the

plan."  *Id.* at 58.  The *Ruhl* court affirmed the orders of the bankruptcy court,

finding that the debtors were bound by their plans, and denied the claims for

disgorgement.

09-09088-cgm    Doc 33    Filed 08/04/10    Entered 08/04/10 11:50:07    Main Document
Pg 14 of 22

In the case at bar, Trustco expressly characterized its claim as unsecured in
its proof of claim.  As in *Ruhl*, Debtors and their counsel had what they needed
before confirmation to get the relief that they seek today, that Trustco's proof of
claim was over-valued by $12,000, and that it was a secured claim that could be
satisfied at least in part by surrender.  Trustco correctly characterizes Plaintiff's
effort to collect a "refund" as a late objection to Trustco's claim.  Debtor's counsel
alleges that the amount of money paid to Trustco should be reduced by $12,000,
the fair market value of the property at the time of the sale, pursuant to N.Y. Real
Prop. Acts. § 1371.  The Court notes that Debtor treated the claim as secured in the
schedules and the plan, and the proof of claim clearly characterizes the claim as
unsecured.  The proof of claim is supported by a copy of the referee's report of
sale.

Bankruptcy Code § 502(a) provides that the proof of claim is deemed
allowed, unless a party in interest objects.  The Debtors did not object to Trustco's
proof of claim.  Debtors' counsel did not file a certificate of service of the
amended plan on Trustco.  The plan itself is vague:  It provides that the property
"will be surrendered," without any reference to when or how.  The Court
unequivocally rejects any argument that a bald statement of future intent to
surrender is an effective legal surrender of real property pursuant to Bankruptcy
Code § 1325.  Such an action is vague, leaves the debtor associated with the

Page 14 of 22

property on the public records of ownership and encumbrances, and does not resolve the question of the creditor's right to a deficiency judgment. *Accord, In re Stone*, 166 B.R. 621, 623 (Bankr. S.D. Tex. 1993) (physical abandonment of homestead and statements in plan indicating surrender did not constitute a surrender within the meaning of § 1325(a)(5)(C); surrender required consent of the creditor or approval of the court). Therefore, the proof of claim is deemed allowed, because the Debtors did not object to the proof of claim.

Further, the plan provided for the *pro rata* payment of allowed unsecured claims. The Court follows *In re Gray* to hold that Trustco did not receive adequate notice of the treatment of its claim in the plan, because the proof of claim was not objected to and therefore was deemed allowed pursuant to § 502(a), and the plan was impermissibly vague regarding the surrender of the Property. No certificate of service was filed, to show that the plan was served on Trustco. The plan itself is ambiguous with respect to Trustco's claim, because it mentions surrender as well as payment on allowed claims; and Debtors did not object to Trustco's claim, which caused it to be deemed allowed. In the "clash" between the unobjected-to proof of claim and the vague surrender provision in the plan, the proof of claim prevails and, for purposes of this bankruptcy case, Trustco had an unsecured claim.

*Espinosa* is distinguishable because that case did not address the questions of a vague and ambiguous plan, or dueling characterizations of a debt as secured or

unsecured.  Further, Rule 60(b) is not at issue in this case.  Indeed, the Court

follows *Espinosa* because it holds the Debtors to their plan – the plan provides for

payment of allowed unsecured claims, Trustco had an allowed unsecured claim

because the Debtors did not object to the proof of claim, and the surrender

provision is vague and was never consummated.

      "Upon becoming final, the order confirming a plan becomes res judicata."

*Celli v. First National Bank of Northern New York (In re Layo)*, 460 F.3d 289 (2d

Cir. 2006).  In *Celli*, the debtor consented to the validity of the bank's mortgage in

his plan as a valid first mortgage, and the plan was confirmed.  Subsequent to the

confirmation, the bank moved for relief from the stay, and the debtor and chapter

13 trustee filed a complaint to avoid the mortgage.  "To determine whether the

doctrine of res judicata bars a subsequent action, we consider whether 1) the prior

decision was a final judgment on the merits, 2) the litigants were the same parties,

3) the prior court was of competent jurisdiction, and 4) the causes of action were

the same."  *Id.* at 292.  Performing an analysis of the fourth prong, the Second

Circuit noted, "the critical question for res judicata purposes is whether the party

could or should have asserted the claim in the earlier proceeding."  Finding that the

fourth prong was satisfied, the court held, "the Trustee had both a motive and

opportunity to confirm the status of real estate liens affecting the debtor's estate at

or before the time that the plan was confirmed."  *Id.* at 293.

In the case at bar, the second and third prongs are satisfied: Debtors referenced Trustco in the plan and Trustco filed a proof of claim, and this Court is a court of competent jurisdiction. *See* Statement of Jurisdiction, *supra*, and 28 U.S.C. § 157(b)(L). The two court actions at issue are the confirmation proceedings that culminated in the confirmation of Debtors' plan on January 12, 2006, and the present adversary proceeding seeking leave to file an amended confirmation order, declaratory judgment, and refund and damages. The Court follows *Celli* and finds that the fourth prong of the res judicata analysis is satisfied.

Further, as noted by the court in *Celli*, the Bankruptcy Code itself provides that a confirmation order is res judicata. Bankruptcy Code § 1327(a); *Celli*, 460 F.3d at 293. Citing the Bankruptcy Code and other authority, the court held that the confirmation order was a final judgment on the merits, citing the emphasis on the need for finality. *Celli*, 460 F.3d at 293.

Even if the Bankruptcy Code and Rules do not set a deadline for claims objections in a chapter 13 case, this Court is persuaded by *Gray* and *Ruhl* that allowing a claims objection four years after confirmation and after entry of the discharge would be an improper and inequitable exercise of the Court's authority. To do otherwise would violate the effect of the plan as res judicata. The Court denies that part of Plaintiff's motion seeking to file an amended plan.

The plan provides for the future surrender of the Property, as well as payment of all allowed unsecured claims. Debtors did not object to Trustco's claim as being of improper amount or its character as unsecured. Debtors did not take any action to surrender the property, such as preparing and filing a deed with Trustco to document the transfer. Debtors only made a statement of intent to surrender the property. Debtors are bound by their plan – including the provision to pay allowed unsecured claims. Trustco was an unsecured creditor for purposes of the plan. Trustco's claim was paid in full by the bankruptcy, and it is out of this case and out of this Court.

## The Debtors own the Property

Having established that for purposes of the plan Trustco was an unsecured creditor pursuant to § 502(a) and *In re Gray*, the Court addresses whether the Debtors are the owners of record of the Property. If the Court does not resolve this question, then the Debtors and the Property remain in limbo.

Debtor moves for summary judgment on the issue of whether a valid sale took place. Generally, a borrower's legal and equitable interest in a property are extinguished at the sale. N.Y. Real Prop. Acts. 1301(3) provides, "While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." In the case at

bar, having determined to proceed with foreclosure instead of an action on the

debt, Trustco was prevented from starting an action on the debt by N.Y. Real Prop.

Acts. § 1371(3).  The judgment of foreclosure and sale appears to have been

entered in the Albany County Clerk's Office on June 22, 2004, in favor of Trustco.

Trustco was committed to the foreclosure process to recover its claim, until the

process was stayed upon the filing of the Debtors' first bankruptcy case.  *See*

Bankruptcy Code §§ 362(a)(1), 362(a)(1)(6), 502; *In re Calton Crescent, Inc.*, 173

F.2d 944, 946 (2d Cir. 1949) ("although the state law determined the title, validity

and amount of a claim, the bankruptcy law, including what federal judges think to

be equitable, determined what dividends shall be distributable to the claimant"); *In

re Ferrante*, 195 B.R. 990 (Bankr. N.D.N.Y. 1996) (order lifting the stay to allow

foreclosure permitted subsequent computation of deficiency claim; docketing of

deficiency judgment was a post-petition lien and violated the stay).

    A "sale" in its plain usage and definition requires a buyer, a seller, and

consideration.  *See Webster's New Twentieth Century Dictionary, Unabridged*

1598 (2d ed. 1979) ("the act of selling; the exchange of some services, for an

agreed sum of money or other valuable consideration; a contract made for the

transfer of property"); *Black's Law Dictionary* 1364 (8th ed. 2004) ("the four

elements are (1) parties competent to contract, (2) mutual assent, (3) a thing

capable of being transferred, and (4) a price in money paid or promised").

> It is well settled that a borrower's interests are extinguished at the sale.
>
> The purpose of the judgment of foreclosure and sale is to divest the mortgagor of title … It should be understood though, that this objective is achieved only when the foreclosure sale is completed. Divestiture of title does not occur upon issuance of the judgment, but rather upon the completion of the sale authorized and empowered by the judgment.

*Forbes v. Aaron*, 897 N.Y.S.2d 849 (Sup. Ct. Kings 2010) (defendant was liable to plaintiff, where plaintiff was injured on defendant's property after judgment of foreclosure was entered but before sale was held).

With these concepts in mind, the Court holds that the Debtors' interests in the Property were not extinguished. There was no sale, because no buyer came forward with a bid. Debtors remain the owners of record. *See also N.Y. Real Prop. Acts 1353* ("After the property has been sold, the officer conducting the sale shall execute a deed to the purchaser"); *Darnley v. Ameriquest Mortg. Co.*, 2010 WL 118143 (E.D.N.Y. January 08, 2010) (describing a foreclosure process: judgment of foreclosure and sale, sale at public auction, closing, delivery of deed to purchasers' assignee, and filing of referee's report); *Bardi v. Morgan*, 17 Misc.3d 927, 847 N.Y.S.2d 431 (N.Y. Sup. Ct. 2007) (mortgagee held four foreclosure auctions over course of 12-year foreclosure action; two bidders defaulted after the sale, and the mortgagee conducted further sales).

With no bid at the sale, Debtors remain the owners of the Property. They have not acted on their statement of intent to surrender the Property. The Plan

provides, "… the Condominium located at 51 Westerlo Street, Albany, New York

***will be surrendered*** to the creditor …" (emphasis added).  This statement of future

act is plainly insufficient to effect a valid and complete surrender, as demonstrated

by the tragic facts of this case.  Public records indicate that the Debtors are the

owners of the property.  In New York State, where ownership of real property is a

matter of public record, deeds and notice, expression of intent to surrender in a

chapter 13 plan cannot be found to be the actual legal procedure for surrender.

## The Court grants Trustco's motion for summary judgment

Trustco argues that 1. Title does not pass automatically at a foreclosure sale

where there are no bidders and no successful purchasers at the sale; 2. Trustco

legally moved for a deficiency judgment pursuant to N.Y. Real Prop. Acts. § 1371;

and 3. Debtors did not object to Trustco's proof of claim, and therefore the proof of

claim is deemed allowed.

Upon the foregoing, the Court finds that there were no bidders, and therefore

no sale took place.  As a result, title did not pass from the Plaintiffs to Trustco.  It

cannot be said that Trustco acquired an ownership interest in the Property when it

was given the mortgage, or when it enforced the mortgage in the foreclosure

proceeding.  It is well-settled that a mortgage is a security instrument only, and

does not convey title upon the mortgagee.  *See Witschger v. J.K. Marvin & Co.* 255

A.D. 70 (2d Dep't 1938) (a mortgagee has, by virtue of his mortgage, a lien only,

and not an estate in the land mortgaged; possession by the mortgagee with consent

of the mortgagor does not serve to vest the mortgagee with title to the premises,

and title remains in the mortgagor).

Plaintiffs failed to object to Trustco's proof of claim, and therefore the proof

of claim was deemed allowed as an unsecured claim.  The plan provided for

payment of allowed unsecured claims, and Plaintiffs never acted on their

expression of intent to surrender the Property.  The Court will not allow the

Debtors to amend the plan or object to the proof of claim, five years after

confirmation and after the entry of the discharge.  To do otherwise would be unfair

to the creditors.  The Court grants Trustco's motion for summary judgment, and

concludes that the Debtors are the owners of the Property.  For these reasons,

Plaintiffs' other allegations and causes of action are without merit.  It is

unnecessary for the Court to rule on the propriety of the motion for a deficiency

judgment, because Debtors did not object to the proof of claim.  Therefore, the

Complaint is dismissed.

Trustco shall submit an order.

Dated:        Poughkeepsie, NY
              August 4, 2010

                                        /s/ Cecelia Morris
                                        The Hon. Cecelia G. Morris
                                        U.S. Bankruptcy Judge